UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Freda L. Wolfson |
| v. | : | Criminal No. 08-245 (FLW) |
| ANTHONY LADUCA and JOSE<br>PEREZ, a/k/a "Kubie" | : | SCHEDULING AND CONTINUANCE ORDER |

This matter having come before the Court on the pretrial motions of defendant

Anthony LaDuca (by Guy Oksenhendler, Esq.) for an order: compelling the Government to

produce *Jencks* Act material, *Brady* material, and *Giglio* material well in advance of trial, to

identify which documents and audiotapes the Government intends to use at trial, to disclose its

witness list, to detail the discovery provided to defendant LaDuca, and to disclose co-conspirator

statements pursuant to Federal Rule of Evidence 801(d)(2)(E); precluding the introduction of

Federal Rule of Evidence 404(b) material; and granting defendant LaDuca the right to make

additional motions; and defendant Jose Perez, a/k/a "Kubie" (by Frank Arleo, Esq.) for an order:

seeking severance of his charges from those of defendant LaDuca and a separate trial; directing

the Government to produce Federal Rule of Evidence 404(b) material, *Brady* material, a

summary of any expert testimony, and to immediately disclose *Jencks* material; granting a

hearing on the admissibility of the defendant's prior convictions; seeking dismissal of the

Indictment based on the violation of the statute of limitations; and granting defendant Perez the

right to make additional motions; and Ralph J. Marra, Jr., Acting United States Attorney for the

District of New Jersey (by Lee D. Vartan, Assistant U.S. Attorney), having opposed defendants'

pretrial motions and filed a motion for reciprocal discovery in this matter:

WHEREAS both defendants submitted briefs in support of their pretrial motions;

WHEREAS the Government submitted briefs in opposition to the defendants' pretrial motions;

WHEREAS the Court considered those briefs and heard oral argument on defendants' motions on December 12, 2008;

IT IS ORDERED that all *Jencks* Act and *Giglio* materials be exchanged by both the Government and the defendants three days prior to the trial of this matter;

IT IS FURTHER ORDERED that the Government immediately disclose to the defendants any exculpatory evidence under *Brady v. Maryland* if such evidence is identified by the Government;

IT IS FURTHER ORDERED that the Government provide the defendants with a summary of all expert testimony if the Government decides to introduce expert testimony;

IT IS FURTHER ORDERED that the Government shall file any motions under Federal Rule of Evidence 404(b), including evidence of the defendants' prior convictions that the Government seeks to introduce at trial, on or before January 5, 2009;

IT IS FURTHER ORDERED that the Government shall mark all of its Exhibits and provide its exhibit list to defendants on or before January 20, 2009 and that defendant LaDuca's motion for identification of documents, audiotapes, and co-conspirator statements that the Government intends to use at trial is otherwise denied;

IT IS FURTHER ORDERED that defendant LaDuca's motion for disclosure of the Government's witness list is denied;

IT IS FURTHER ORDERED that defendant LaDuca's motion for the Government to detail the discovery already produced to defendants is denied;

IT IS FURTHER ORDERED that defendant Perez's severance motion pursuant to Federal Rule of Criminal Procedure 14 is denied for the reasons stated by the Court on December 12, 2008;

IT IS FURTHER ORDERED that defendant Perez's motion for dismissal of the Indictment based on a violation of the 5-year statute of limitations is denied for the reasons stated by the Court on December 12, 2008;

IT IS FURTHER ORDERED that both defendants shall have the right to make additional pretrial motions as necessary;

IT IS FURTHER ORDERED that the Government's motion for reciprocal discovery is granted;

IT IS FURTHER ORDERED that the trial of this matter is scheduled for March 2, 2009; and

IT IS FURTHER ORDERED that the period from December 9, 2008 through March 2, 2009 shall be excludable in computing time under the Speedy Trial Act of 1974 because: (1) the parties are preparing to engage in preliminary discussions concerning entering into a plea agreement, and the defendants desire additional time to review discovery, and both the United States and the defendants seek additional time to pursue such discussions, which may render trial of this matter unnecessary; (2) the defendants consented to the continuance on the record on December 12, 2008; (3) the grant of a continuance will likely conserve judicial resources; and (4) pursuant to Title 18 of the United States Code, Section 3161(h)(8), the ends of

justice served by granting the continuance outweigh the best interests of the public and the

defendants in a speedy trial.

HON. FREDA L. WOLFSON    12-17-08
United States District Judge

-4-